UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURAL JILKA,<br><br>      Plaintiff,<br><br>   v.<br><br>UNUM GROUP, et al.,<br><br>      Defendants. | Case No. 18-cv-02952-JD<br><br>**ORDER RE MOTION TO REMAND**<br>Re: Dkt. No. 11 |

In this disability insurance dispute, plaintiff Laural Jilka requests that the case be remanded to the state court from which it was removed by defendants. Dkt. No. 11. The Court finds that the case was removed improvidently and without jurisdiction, and remands it to the California Superior Court pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

Jilka filed a complaint in the Superior Court of California for the City and County of San Francisco, asserting state law claims against defendants Unum Group and Provident Life and Accident Insurance Company of America for breach of contract and breach of the covenant of good faith and fair dealing, insurance bad faith; as well as a claim for a writ of mandamus against the Commissioner of the California Department of Insurance. Dkt. No. 1-3. The claims are premised on Unum's denial of long-term disability benefits to plaintiff after she became unable to work in December 2016. *Id.* ¶¶ 73-75. Jilka's claim to Unum was made under a disability income protection policy she purchased from Provident in 1989, which Unum subsequently took over from Provident. *Id.* ¶¶ 59-60.

Defendants removed the state court action to this Court on two grounds. They asserted that the case presents a federal question (and so the Court has subject matter jurisdiction under 28 U.S.C. § 1331), because Jilka's state law claims are in reality federal claims that seek benefits

governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  Dkt. No. 1 at 1-4.  As a separate and additional ground, they argued that the Commissioner of the California Department of Insurance was a "'sham' defendant who was fraudulently joined by plaintiff for the sole purpose of defeating the diversity jurisdiction of this Court."  *Id*. at 8.  Defendants asserted that the Court therefore has subject matter jurisdiction under 28 U.S.C. § 1332(a) as well, notwithstanding the presence of the non-diverse, "sham" defendant.  *Id*.

## DISCUSSION

Defendants' opposition to plaintiff's remand motion states that they do "not challenge plaintiff's assertion that the Insurance Commissioner is not a sham defendant in this case" for purposes of this motion.  Dkt. No. 14 at 2 n.1.  Consequently, the only question before the Court is whether or not plaintiff's disability income protection policy at issue in this case is an ERISA plan.  A case is "removable to federal court" even though it "purports to raise only state law claims" when the suit is one brought by a beneficiary to recover benefits from an employee benefit plan covered by ERISA.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-67 (1987).  Defendants argue strenuously both that plaintiff's policy was an ERISA plan at its inception in 1989, and that it remains so now.  Dkt. No. 14.

"The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person."  *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1989) (citation omitted).  ERISA generally applies to "any employee benefit plan," which includes an "employee welfare benefit plan."  29 U.S.C. §§ 1003(a), 1002(3).  As relevant here, the statute defines the latter to mean "any plan . . . which was . . . established or maintained by an employer . . . , to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise," certain benefits including "benefits in the event of . . . disability."  29 U.S.C. § 1002(1).  Certain group insurance programs are excluded from ERISA's definition of "employee welfare benefit plan" under Department of Labor regulations that establish a safe harbor, 29 C.F.R. § 2510.3–1(j), but it is not necessary to dive into those regulations here.  Since the proponent of federal jurisdiction bears the burden of establishing its

existence, here it is defendants who must show by a preponderance of the evidence that the disability insurance policy at issue is an ERISA plan. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Defendants have not met that burden.

On the question of whether plaintiff's policy was an ERISA plan at its inception, the record evidence shows that a disability income policy with policy number 5004348 was issued by Provident to plaintiff in 1989, at which time she was working for HNC, Inc., as an executive assistant. Dkt. Nos. 14-1, 14-2, 11-4. The policy itself does not make any reference to HNC, Inc., or say that the policy is being issued as part of an HNC, Inc. employee group policy. The policy only mentions plaintiff by name and otherwise looks like an individual policy issued to her, and it states that plaintiff "can renew this policy as long as you are actively and gainfully working full time" (whether or not that employment is with HNC, Inc.). Dkt. No. 14-2 at ECF p. 23. The evidence does, however, also establish that plaintiff's policy was issued to her "in connection with a salary allotment agreement sponsored by her employer, HNC, Inc."; that her policy was under "risk number 50842, which was the number assigned to HNC for all participants of the HNC Salary Allotment Plan"; and that, as part of the salary allotment plan, "premiums for plaintiff's policy and the other policies included in the HNC Salary Allotment Plan were billed collectively on a common list bill by Provident Life to HNC." Dkt. No. 14-1 ¶¶ 5-6, 10. It is not disputed that she obtained a 12% premium discount and higher level of coverage based on her participation in the HNC salary allotment plan. *Id.* ¶ 15.

Under these circumstances, it is not easy to determine if plaintiff's policy was an ERISA plan that was "established or maintained by an employer." As the First Circuit has noted, ERISA's "nearly tautological definition [of 'employee welfare benefit plan'] offers little guidance." *Demars v. CIGNA Corp.*, 173 F.3d 443, 445 (1st Cir. 1999). The Court notes that at least one district court in our circuit has found an ERISA plan to exist under similar circumstances. *See Zide v. Provident Life and Accident Ins. Co.*, No. SACV 10-00393-JVS (CWx), 2011 WL 12566818, at *2-7 (C.D. Cal. Apr. 13, 2011) (concluding disability policies "subject to a 'Salary Allotment Premium Payment' rider" which "permitted plaintiff's 'employer'

3

to be billed for the premium" were "governed by ERISA"). But this is ultimately not a question the Court needs to resolve here.

That is because of the facts that followed. It is not disputed that the HNC salary allotment plan ended "in or about 1998." Dkt. No. 14-1 ¶ 9. On January 8, 1998, plaintiff sent a letter to Provident asking for "the information needed to retain my individual disability policy #5004348." Dkt. No. 14-4 at ECF p. 22. An interoffice correspondence document submitted by defendants shows Provident's internal acknowledgement that "[HNC] is no longer paying the premiums for disability and [plaintiff] wants to continue the policy on her own. Please send letter." Dkt. No. 14-1 ¶ 14, Dkt. No. 14-4 at ECF p. 21. On January 30, 1998, Provident sent plaintiff a letter stating: "[E]ven though your policy is no longer paid through Risk #50842, H N C INC, you can continue this policy and retain the multi-life discount." Dkt. No. 14-4 at ECF p. 2. Plaintiff signed under the statement, "YES. I want to continue this coverage." *Id.*

Under these circumstances, even assuming plaintiff's policy was an ERISA plan from 1989 to 1998, it stopped being one in 1998. After that point in time, her policy much more closely resembled a "converted policy" (*i.e.*, a policy converted from group coverage to individual coverage) that was no longer subject to ERISA. *See Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 875 (9th Cir. 2001) ("Waks' converted policy covered her as an individual and not as an employee of SCS or of any other employer. Her converted policy is therefore not itself an ERISA plan."). In *Eberlein v. Provident Life & Accident Ins. Co.*, No. 06-cv-02454-REB-MJW, 2008 WL 791944, at *2 (D. Colo. Mar. 20, 2008), the plaintiff received a letter from Provident with identical wording as the one Jilka received, stating, "Now, even though your policy is no longer paid through Risk #53574, ASSOC. ANESTHESIOLOGIST MEDICAL GROUP, you can continue this policy and retain the multi-life discount." And like Jilka, plaintiff Eberlein "indicated that he wished to pay premiums on a quarterly basis, signed the letter, and returned it to Provident before the deadline specified in the letter," and he "personally . . . paid the premiums for the policy" thereafter. *Id.* The court found that Eberlein's disability policy "does not fit precisely the usual concepts of continuation or conversion policies" but, emphasizing that Eberlein's former

employer "bears no administrative or financial responsibility for Eberlein's policy," concluded that "the policy is not subject to ERISA regulation." *Id*. at *4-7.

The policy behind ERISA strongly supports that same conclusion here. As the First Circuit observed in *Demars*, "[i]n passing ERISA, Congress's purpose was twofold: to protect employees and to protect employers. Congress wanted to safeguard employee interests by reducing the threat of abuse or mismanagement of funds that had been accumulated to finance employee benefits, while at the same time safeguarding employer interests by eliminating 'the threat of conflicting and inconsistent State and local regulation' of employee benefit plans." 173 F.3d at 446 (internal citations omitted). Those policy goals clearly have no application here. Jilka left her employment with HNC in January 2001, and HNC itself ceased to exist around 2002. Dkt. No. 11-4 ¶¶ 12-13. In a case like this, "ERISA preemption would be an absurd result because there is no ERISA plan and no administrator." *Waks*, 263 F.3d at 876. HNC "ceased operations" close to two decades ago, and any ERISA plan presumably "was terminated at that time." *Id*. "State law therefore cannot impose conflicting requirements on any employer or ERISA plan administrator." *Id*. The Court consequently concludes that plaintiff's individual disability policy is not regulated by ERISA, and her state law claims under that policy are not preempted by ERISA.

## CONCLUSION

Defendants, as the removing parties, have failed to meet their burden of establishing federal subject matter jurisdiction. As the case was removed improvidently and without jurisdiction, the Court grants plaintiff's motion and orders the case remanded back to the Superior Court of California for the City and County of San Francisco, pursuant to 28 U.S.C. § 1447(c). The Clerk will close the file.

**IT IS SO ORDERED.**

Dated: March 15, 2019

_____
JAMES DONATO
United States District Judge